## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD DRAUGHN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-03662-JDW |
| | : | |
| NORRISTOWN STATE HOSPITAL, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

Reginald Draughn filed this civil action pursuant to 42 U.S.C. § 1983 to challenge conditions in which he is confined at the Norristown State Hospital, including the forcible administration of medication. I will dismiss Mr. Draughn's Complaint for failure to state a claim and give him a chance to file an amended pleading.

## I.    FACTUAL ALLEGATIONS

Mr. Draughn is confined on the Forensics Unit at Norristown State Hospital for purposes of evaluating his competency in connection with criminal charges pending against him in Chester County, Pennsylvania. *See Commonwealth v. Draughn*, No. CP-15-CR-0002835-2021 (C.P. Chester). He alleges that he has "no civil liberties whatsoever" at Norristown State Hospital, and that his "rights are basically stripped." (ECF No. 5 at 3-4.) He contends that since his arrival, he has "been forced" to either take injections of Zellaprex and Haldol or "be physically assaulted." (*Id.* at 4, 5.) (It is not clear what Mr.

Draughn means when he says he will be "assaulted" if he refuses the medication.) He adds that "every evening at medication time [he] usually take[s] the A shot as a sign of refusal under a camera after being assaulted at prison." (*Id.* at 5.) I don't know what Mr. Draughn means by the term "A shot."

Mr. Draughn alleges that those who have been medicating him "had [an] order that was from Judge Patrick Carmody"—the judge presiding over Mr. Draughn's criminal case in Chester County—"saying to medicate him."[1] (*Id.*) Mr. Draughn alleges that he "told them" (it is unclear to whom he is referring) to "verify" the order "to no avail." (*Id.*) Based on these allegations, he is suing Norristown State Hospital; its Psychiatric Director, Dr. Olu Fakiyesi; Dr. Tanya Kirby, a psychiatrist; and two social workers—Janean McLean and Corrine Lawhorn.

## II.    STANDARD OF REVIEW

Because Mr. Draughn is in custody at Norristown State Hospital in connection with criminal charges filed against him, his case is subject to screening under 28 U.S.C. § 1915A. Section 1915A requires the Court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[1] The criminal docket reflects that Judge Carmody issued an order on May 2, 2025, committing Draughn to Norristown State Hospital for sixty days. *Draughn*, No. CP-15-CR-0002835-2021. Whether that order, or any other order, directed that Draughn be forcibly medicated is unclear from the public docket.

entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Mr. Draughn brings his claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved

in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.    Claims Against Norristown State Hospital/Official Capacity Claims

Mr. Draughn cannot state a § 1983 claim against Norristown State Hospital or its employees in their official capacities. States are not "persons" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment also bars suits against a state and its agencies in federal court when the state has not waived that immunity, and the Commonwealth of Pennsylvania has not waived that immunity for civil rights claims. *See* 42 Pa. Cons. Stat. § 8521(b).

Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs them, meaning "official capacity" claims are treated as claims against the entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Because Norristown State Hospital "is a state institution within the Department of Public Welfare, [it] and its employees are an arm of the state entitled to Eleventh Amendment immunity in so far as they are sued in their official capacities." *Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 118-19 (3d Cir. 2013) (*per curiam*). In other words, Norristown State Hospital and its employees in their official capacities are not subject to liability for damages under § 1983.

### B.    Individual Capacity Claims[2]

I understand Mr. Draughn to be raising due process claims based on the forceable administration of medication at Norristown State Hospital. *Vogt*, 8 F.4th at 185. Someone in Mr. Draughn's position "retain[s] a limited right to refuse treatment" under the Due Process Clause that is "circumscribed by legitimate countervailing State interests." *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990). In general, forcible medication is constitutional when it is necessary to carry out valid medical or other important government interests. *Id.*

Mr. Draughn has not stated a plausible claim because he has not provided enough factual allegations about the circumstances under which he was medicated and how each Defendant was personally involved in the relevant events. Mr. Draughn does not explain what role, if any, each Defendant played in the forcible administration of medication to him. He cannot state a claim against them, or any individual defendant, by generally alleging what "they" did without specifying what each of the Defendants did or did not do that violated his rights. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). In addition, the Amended Complaint does not provide much, if any, information about how and why Mr. Draughn is being forcibly medicated in a manner that would give me or any

---

[2] On the form Mr. Draughn used to prepare his Amended Complaint, he marked that he only sought to name the Defendants in their official capacities, but he appears not to have understood the distinction between official and individual capacity claims. So, the Court will also analyze the claims against the Norristown State Hospital employees in their individual capacity because the Amended Complaint is better construed this way.

defendant a clear understanding of the basis for Mr. Draughn's constitutional challenge. Instead, his allegations are vague, conclusory, or unclear. For these reasons, I will dismiss Mr. Draughn's due process claims but will give Mr. Draughn leave to file an amended complaint in the event he can provide a clearer, more detailed account of the relevant events surrounding his forcible medication.

## IV.    CONCLUSION

I will dismiss Mr. Draughn's Complaint without prejudice to him filing a second amended complaint against the Norristown State Hospital employees in their individual capacities. I will dismiss Mr. Draughn's claim against the hospital itself and the official capacity claims with prejudice because Mr. Draughn cannot cure the legal defects in those claims. An appropriate Order follows, which provides more information about filing a second amended complaint.

BY THE COURT:

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

August 19, 2025