## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD DRAUGHN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-03662-JDW** |
| | : | |
| **NORRISTOWN STATE** | : | |
| **HOSPITAL,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

Reginald Draughn seeks to assert claims about being forcibly medicated while at Norristown State Hospital. Even though I screened his Amended Complaint and laid out for him what he would have to plead to state a plausible claim, he still offers no factual detail to support his claim. I will therefore dismiss this case with prejudice.

## I.    BACKGROUND

Mr. Draughn is confined to the Forensic Unit at Norristown State Hospital for purposes of evaluating his competency in connection with criminal charges pending against him in Chester County, Pennsylvania. *See Commonwealth v. Draughn*, No. CP-15-CR-0002835-2021 (C.P. Chester). While there, he asserts that he has "been deprived of all [his] civil liberties[,]" and that "all of [his] constitutional rights have been violated." (ECF No. 16 at 3 (§§ II.A., II.B.).) He contends that he is being "falsely imprisoned" at Norristown State Hospital under conditions that are "[the] same as prison" and that he is "forced to take psychiatric medication by injection" under threat of assault. (*Id.* at 4-5 (§ IV.B.).) Based

on these allegations, Mr. Draughn asserts claims against Norristown State Hospital, its Psychiatric Director Dr. Olu Fakiyesi; Dr. Tanya Kirby; social worker Janean McLean; and Charge Nurse Jula.

Mr. Draughn filed this case on July 14, 2025. He filed an Amended Complaint on August 4, 2025. On August 19, 2025, I granted him leave to proceed *in forma pauperis* and dismissed his Amended Complaint. In that same Order, I terminated Norristown State Hospital and Julia (the charge nurse) as defendants. In an accompanying Memorandum, I explained the basis for my dismissal of his claims, including the legal standard applicable to due process claims based on the forcible administration of medication.

## II.    STANDARD OF REVIEW

Because Mr. Draughn is in custody at Norristown State Hospital in connection with criminal charges filed against him, his case is subject to screening under 28 U.S.C. § 1915A. *See generally* 28 U.S.C. § 1915(h) (defining "prisoner"). Section 1915A requires a judge to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the judge must dismiss a complaint or any portion thereof that "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

The standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to that screening. *See Tourscher v. McCullough*, 184 F.3d 236,

240 (3d Cir. 1999). Under that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

As I explained when I screened and dismissed the Amended Complaint a detainee like Mr. Draughn "retain[s] a limited right to refuse treatment" under the Due Process Clause that is "circumscribed by legitimate countervailing State interests." (ECF No. 7 at 5 (quoting *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990)). However, forcible medication is constitutional when it is necessary to carry out valid medical or other governmental interests. *White*, 897 F.2d at 113. To assess a claim for forcible medication, I need allegations that describe each Defendant's role in the administration of the medication and the circumstances of the medication. I explained all that to Mr. Draughn when I screened his Amended Complaint.

Despite my guidance, Mr. Draughn has again failed to allege any pertinent facts describing how any Defendant infringed on his constitutional rights or otherwise explain

the basis for his constitutional challenge. He asserts that he is "forced to take psychiatric medication by injection" under threat of "being assaulted" but does not explain how any of the Defendants are involved in these alleged violations of his rights. (ECF No. 16 at 4 (§ IV.B.).) He alleges that he has suffered "mental distress, trauma, [and] physical abuse[,]" but does not link these injuries to any Defendant's actions. (*Id.* at 5 (§ V).) Because the SAC consists only of vague and conclusory allegations, it fails to cure the defects that I identified in Mr. Draughn's Amended Complaint. I will therefore dismiss it.

I have now given Mr. Draughn two opportunities to allege a plausible claim. He hasn't done so, despite having the benefit of my roadmap in my earlier Memorandum as to what he has to plead. I therefore conclude that further amendments would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). I will therefore dismiss the claims with prejudice.

## IV.    CONCLUSION

The SAC lacks any detail to allow me to determine that it asserts a plausible claim. Mr. Draughn has had two chances to plead a plausible claim, and he has failed each time. I will therefore dismiss his claims with prejudice.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

October 23, 2025